# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL R. LITTLE, **Plaintiff** | : <br> : <br> :    No. 1:17-cv-1915 <br> : <br> :    (Judge Kane) <br> : <br> : <br> : |
| v. | |
| WARDEN D. EBBERT, <u>et al.</u>, **Defendants** | |

## MEMORANDUM

**I.   BACKGROUND**

<u>Pro se</u> Plaintiff Michael R. Little ("Plaintiff"), an inmate presently confined at the United States Penitentiary in Florence, Colorado ("USP Florence"), initiated the above-captioned civil action on October 20, 2017 by filing a complaint pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1977).  (Doc. No. 1.)  In his complaint, Plaintiff named as Defendants Warden D. Ebbert ("Ebbert"), K. Pigos ("Pigos"), F. Alama ("Alama"), F. Fasciana ("Fasciana"), and Ms. Warner ("Warner"), all of whom are employed at the United States Penitentiary in Lewisburg, Pennsylvania ("USP Lewisburg"), where Plaintiff was previously incarcerated.  Plaintiff alleged that Defendant Ebbert was deliberately indifferent for failing to install a ladder to his top bunk, and that this failure resulted in Plaintiff falling from his top bunk on February 18, 2016.  (<u>Id.</u> at 2.)  Plaintiff further alleged that Defendants Pigos and Fasciana were deliberately indifferent to his medical needs by failing to issue him a bottom bunk pass.  (<u>Id.</u> at 3.)  He also maintained that Defendants Alama and Warner were deliberately indifferent by using glue stitches instead of regular stitches to treat the face wound he sustained when he fell from his top bunk, and that Defendant Warner failed to "log" all of the injuries he sustained from the fall.  (<u>Id.</u> at 4.)  Finally, Plaintiff raised a claim about being double-celled while incarcerated at USP Lewisburg.  (<u>Id.</u> at 5.)

In an administrative order dated October 24, 2017, Plaintiff was directed either to pay the requisite filing fee or submit a motion for leave to proceed in forma pauperis within thirty (30) days. (Doc. No. 4.) Plaintiff did not comply with that order. Accordingly, in an Order dated December 6, 2017, the Court dismissed this action without prejudice. (Doc. No. 6.) Plaintiff filed a motion to reopen the case on February 9, 2018. (Doc. No. 7.) In an Order dated May 18, 2018, the Court denied Plaintiff's motion. (Doc. No. 8.) The Court ordered that if Plaintiff wished to pursue his claims, he must submit either the filing fee or a motion for leave to proceed in forma pauperis, along with a renewed motion to reopen, within ten (10) days. (Id.)

On June 5, 2018, Plaintiff filed a motion for an extension of time to comply (Doc. No. 9), a motion to reopen the case (Doc. No. 10), and a motion for leave to proceed in forma pauperis (Doc. No. 11). In a Memorandum and Order dated December 11, 2018, the Court granted Plaintiff's motions and screened his complaint pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"). (Doc. Nos. 12, 13.) The Court dismissed Plaintiff's claims against Defendants Ebbert, Alama, and Warner[1] and allowed him to proceed on his Eighth Amendment claim against Defendants Pigos and Fasciana. (Id.)[2] The Court therefore directed service of Plaintiff's complaint on Defendants Pigos and Fasciana. (Doc. No. 13.)

Defendants Pigos and Fasciana filed a motion to dismiss and/or, in the alternative, motion for summary judgment, on March 18, 2019. (Doc. No. 19.) They filed their statement of facts

---

[1] Upon review of the docket, the Court notes that the Clerk of Court has not yet terminated Defendants Ebbert, Alama, and Warner from this action. Accordingly, the Court will direct the Clerk of Court to terminate these Defendants.

[2] On January 8, 2019, Plaintiff filed a motion for reconsideration of the Court's dismissal of his claims against Defendants Ebbert, Alama, and Warner. (Doc. No. 15.) In an Order dated April 8, 2019, the Court deemed Plaintiff's motion withdrawn since he had not filed a brief in support of his motion, as required by M.D. Pa. Local Rule 7.5. (Doc. No. 22.)

(Doc. No. 20) and brief in support of their motion (Doc. No. 21) on April 1, 2019. To date, Plaintiff has not filed a response to the motion to dismiss and/or, in the alternative, motion for summary judgment. Accordingly, because the time period for filing a response has expired, this motion is ripe for resolution.

## II.   STANDARD OF REVIEW

### A.   Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)

Federal notice and pleading rules require the complaint to provide the defendant notice of the claim and the grounds upon which it rests. Phillips v. Cty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008). The plaintiff must present facts that, accepted as true, demonstrate a plausible right to relief. Fed. R. Civ. P. 8(a). Although Federal Rule of Civil Procedure 8(a)(2) requires "only a short and plain statement of the claim showing that the pleader is entitled to relief," a complaint may nevertheless be dismissed under Federal Rule of Civil Procedure 12(b)(6) for its "failure to state a claim upon which relief can be granted." See Fed. R. Civ. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court accepts as true all factual allegations in the complaint and all reasonable inferences that can be drawn from them, viewed in the light most favorable to the plaintiff. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010). To prevent dismissal, all civil complaints must set out "sufficient factual matter" to show that their claims are facially plausible. See Iqbal, 556 U.S. at 678; Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct: "[W]here the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not

'show[n]' – 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

Accordingly, the United States Court of Appeals for the Third Circuit has identified the following steps that a district court must take when reviewing a 12(b)(6) motion: (1) identify the elements that a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint that are "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief." See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (internal citations and quotation marks omitted). The Third Circuit has specified that in ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).

In the context of pro se prisoner litigation, the Court must be mindful that a document filed pro se is "to be liberally construed." Estelle v. Gamble, 429 U.S. 97, 106 (1976). A pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can be dismissed for failure to state a claim only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

**B.     Motion for Summary Judgment Pursuant to Federal Rule of Civil Procedure 56**

Federal Rule of Civil Procedure 56(a) provides for the entry of summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled

4

to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The United States Court of Appeals for the Third Circuit has held that filing a motion to dismiss, or in the alternative, a motion for summary judgment is sufficient "to place the parties on notice that summary judgment might be entered." Hilfirty v. Shipman, 91 F.3d 573, 578-79 (3d Cir. 1996).

A disputed fact is "material" if proof of its existence or nonexistence would affect the outcome of the case under applicable substantive law. Anderson, 477 U.S. at 248; Gray v. York Newspapers, Inc., 957 F.2d 1070, 1078 (3d Cir. 1992). An issue of material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson, 477 U.S. at 257; Brenner v. Local 514, United Bhd. of Carpenters & Joiners of Am., 927 F.2d 1283, 1287-88 (3d Cir. 1991).

When determining whether there is a genuine issue of material fact, the Court must view the facts and all reasonable inferences in favor of the nonmoving party. Moore v. Tartler, 986 F.2d 682 (3d Cir. 1993); Clement v. Consol. Rail Corp., 963 F.2d 599, 600 (3d Cir. 1992); White v. Westinghouse Elec. Co., 862 F.2d 56, 59 (3d Cir. 1988). In order to avoid summary judgment, however, the nonmoving party may not rest on the unsubstantiated allegations of his or her pleadings. When the party seeking summary judgment satisfies its burden under Rule 56 of identifying evidence that demonstrates the absence of a genuine issue of material fact, the nonmoving party is required by Rule 56 to go beyond the pleadings with affidavits, depositions, answers to interrogatories, or the like in order to demonstrate specific material facts that give rise

5

to a genuine issue. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The party opposing the motion "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 586 (1986). When Rule 56 shifts the burden of production to the nonmoving party, that party must produce evidence to show the existence of every element essential to its case which it bears the burden of proving at trial, for "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex, 477 U.S. at 323; see also Harter v. G.A.F. Corp., 967 F.2d 846, 851 (3d Cir. 1992).

In determining whether an issue of material fact exists, the Court must consider the evidence in the light most favorable to the nonmoving party. White, 862 F.2d at 59. In doing so, the Court must accept the nonmovant's allegations as true and resolve any conflicts in his favor. Id. (citations omitted). However, a party opposing a summary judgment motion must comply with Local Rule 56.1, which specifically directs the oppositional party to submit a "statement of the material facts, responding to the numbered paragraphs set forth in the statement required [to be filed by the movant], as to which it is contended that there exists a genuine issue to be tried"; if the nonmovant fails to do so, "[a]ll material facts set forth in the statement required to be served by the moving party will be deemed to be admitted." L.R. 56.1. A party cannot evade these litigation responsibilities in this regard simply by citing the fact that he is a pro se litigant. These rules apply with equal force to all parties. See Sanders v. Beard, Civ. No. 09-1384, 2010 U.S. Dist. LEXIS, *15 (M.D. Pa. July 20, 2010) (stating that pro se parties "are not excused from complying with court orders and the local rules of court"); Thomas v. Norris, Civ. No. 02-01854, 2006 U.S. Dist. LEXIS 64347, at *11 (M.D. Pa. Sept. 8, 2006) (explaining that pro se parties must follow the Federal Rules of Civil Procedure).

## III. DEFENDANTS' STATEMENT OF FACTS[3]

Plaintiff arrived at USP Lewisburg on April 28, 2014. (Doc. No. 20 ¶ 2.) At that time, he "presented to the Health Services department . . . as a thirty-four year old male receiving treatment for depression and hypertension." (Id. ¶ 3.) Plaintiff's medical history reflected a history of self-reported lower back pain; however, this pain "did not require treatment with prescription pain medication and he made no mention of it in his encounter with USP Lewisburg staff." (Id. ¶ 4.) Previous radiology studies in 2012 and 2013 had been negative for abnormalities, as well as degenerative disc disease. (Id. ¶ 5.)

Plaintiff did not complain about back pain until May 6, 2015, when he asked Defendant Fasciana for "something" for back pain. (Id. ¶ 6.) On that date, Defendant Fasciana prescribed

---

[3] The Court's Local Rules provide that in addition to filing a brief in opposition to the moving party's brief in support of its motion, "[t]he papers opposing a motion for summary judgment shall include a separate, short and concise statement of material facts responding to the numbered paragraphs set forth in the statement [of material facts filed by the moving party] . . . as to which it is contended that there exists a genuine issue to be tried." M.D. Pa. L.R. 56. 1. The Rule further requires the inclusion of references to the parts of the record that support the statements. See id. Finally, the Rule states that the statement of material facts required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party. See id. Unless otherwise noted, the factual background herein is taken from Defendants' Rule 56.1 statement of facts. (Doc. No. 20.) Plaintiff has failed to file a response to Defendants' statement of material facts in compliance with M.D. Pa. L.R. 56.1, and this Court is not "required to accept unsupported, self-serving testimony as evidence sufficient to create a jury question." See Hammonds v. Collins, Civ. No. 12-236, 2016 WL 1621986, at *3 (M.D. Pa. Apr. 20, 2016) (citing Brooks v. Am. Broad. Co., 999 F.2d 167, 172 (6th Cir. 1993)). Moreover, Plaintiff's complaint is not executed as an unsworn declaration "under penalty of perjury" in accordance with 28 U.S.C. § 1746 and cannot be considered as evidence in opposition to Defendants' motion for summary judgment. See Three Rivers Confections, LLC v. Warman, 660 F. App'x 103, 107 n.8 (3d Cir. 2016); Hatcher v. SCM Grp. N. Am., Inc., 167 F.Supp.3d 719, 729 (E.D. Pa. 2016); Crouse v. S. Lebanon Twp., 668 F.Supp.2d 664, 669 n.5 (M.D. Pa. Oct. 22, 2009); Kamuck v. Shell Energy Holding GP, LLC., 2015 WL 1345235, at *15 (M.D. Pa. Mar. 25, 2015). The Court accordingly deems the facts set forth by Defendants to be undisputed. See M.D. Pa. LR 56. 1; Fed. R. Civ. P. 56(e)(2).

Ibuprofen to Plaintiff. (Id. ¶ 7.) Prior to May 6, 2015, Plaintiff had made no mention of back pain and had not requested a lower bunk pass. (Id. ¶ 9.)

On February 18, 2016, Plaintiff was seen by Health Services after he fell while descending from his bunk. (Id. ¶ 10.) He was treated for a laceration to his left eyebrow and a contusion on his left knee, and received Ibuprofen for his complaints of knee pain. (Id. ¶ 11.) A radiology study of his knee was negative for abnormalities. (Id.)

Plaintiff first requested a bottom bunk pass on February 23, 2016, when he saw Defendant Fasciana. (Id. ¶ 12.) During that encounter, Defendant Fasciana told Plaintiff that he did not meet the Bureau of Prisons' ("BOP") criteria for a bottom bunk pass,[4] and that his medical presentation did not support one. (Id. ¶ 13.) On February 24, 2016, Plaintiff reiterated his request to Defendant Fasciana and also asked for pain medication for periodic knee pain. (Id. ¶ 14.) Defendant Fasciana prescribed Ibuprofen to Plaintiff but again informed him that he did not qualify for a bottom bunk pass. (Id. ¶ 15.)

Plaintiff made no further requests for a bottom bunk pass while incarcerated at USP Lewisburg. (Id. ¶ 17.) The only other time he mentioned back pain was on June 27, 2016, "where he complained of lingering back pain with no radiation that had been on and off for years." (Id. ¶ 18.) On that date, Defendant Pigos increased Plaintiff's prescription for Amitriptyline. (Id. ¶ 19.)

Plaintiff was transferred from USP Lewisburg in July of 2016. (Id. ¶ 20.) After his transfer, he again requested a bottom bunk pass and was denied because he did not meet the

---

[4] The BOP requires that an inmate have received orthopedic surgery or be diagnosed with degenerative joint disease, osteoarthritis, or osteoporosis before receiving a bottom bunk pass. (Doc. No. 20 ¶ 16.)

BOP's criteria for such. (Id. ¶ 21.) Moreover, imaging of Plaintiff's back on May 8, 2017 was negative for abnormalities. (Id. ¶ 22.)

## IV. DISCUSSION

Defendants Pigos and Fasciana contend that they are entitled to summary judgment because Plaintiff has neither demonstrated that he had a serious medical condition nor established that they ignored an excessive risk to his health or safety in violation of the Eighth Amendment. (Doc. No. 21.) The Eighth Amendment prohibits the infliction of cruel and unusual punishment on prisoners. Estelle v. Gamble, 429 U.S. 97, 104 (1976). In Estelle, the Supreme Court held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment." Id. (quoting Gregg v. Georgia, 428 U.S. 153, 173 (1976)); see also Farmer v. Brennan, 511 U.S. 825, 834 (1994) (internal quotation marks and citations omitted) ("To violate the Cruel and Unusual Punishment Clause, a prison official must have a sufficiently culpable state of mind. . . . In prison-conditions cases that state of mind is one of 'deliberate indifference' to inmate health or safety.").

In the context of medical care, the Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). To establish an Eighth Amendment claim based on a prison's denial of medical care, an inmate must allege acts or omissions by prison officials sufficiently harmful to evidence deliberate indifference to a serious medical need. See Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004); Natale v. Camden Cty. Corr. Facility, 318 F.3d 575, 582 (3d Cir. 2003). The relevant inquiry is whether the defendant was: (1) deliberately indifferent (the subjective element) to (2) plaintiff's serious medical needs (the objective element). Farmer, 511 U.S. at

9

838-39; Monmouth Cty. Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987); West v. Keve, 571 F.2d 158, 161 (3d Cir. 1979). Because only egregious acts or omissions can violate this standard, mere medical malpractice will not result in an Eighth Amendment violation. White v. Napoleon, 897 F.2d 103, 108-10 (3d Cir. 1990); see also Estelle, 429 U.S. at 106 (stating that a complaint that a physician or a medical department "has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment"). "[A]s long as a physician exercises professional judgment his behavior will not violate a prisoner's constitutional rights." Brown v. Borough of Chambersburg, 903 F.2d 274, 278 (3d Cir. 1990).

The "deliberate indifference" prong requires that the defendant actually know of and disregard "an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837. Circumstantial evidence can establish subjective knowledge if it shows that the excessive risk was so obvious that the official must have known about it. See Beers-Capitol v. Whetzel, 256 F.3d 120, 133 (3d Cir. 2001) (citing Farmer, 511 U.S. at 842). The Third Circuit has found deliberate indifference when a prison official knows of a prisoner's need for medical treatment and intentionally refuses to provide it, delays necessary medical treatment for a non-medical reason, or prevents a prisoner from receiving needed or recommended medical treatment. Rouse, 182 F.3d at 197.

A mere difference of opinion between the prison's medical staff and the inmate regarding the diagnosis or treatment that the inmate receives does not support a claim of cruel and unusual punishment. Farmer v. Carlson, 685 F. Supp. 1335, 1339 (M.D. Pa. 1988); see also McCracken v. Jones, 562 F.2d 22, 24 (10th Cir. 1977); Smart v. Villar, 547 F.2d 112, 113 (10th Cir. 1976). Additionally, if there is a dispute over the adequacy of the received treatment, courts have

consistently been reluctant to second guess the medical judgment of the attending physician. Little v. Lycoming Cty., 912 F. Supp. 809, 815 (M.D. Pa. 1996), aff'd, 101 F.3d 691 (3d Cir. 1996). The relevant question is whether the defendant has provided the plaintiff with some type of treatment, regardless of whether the treatment is what the plaintiff desires. Carlson, 685 F. Supp. at 1339.

The objective component of an Eighth Amendment claim, i.e., whether a plaintiff's medical needs were serious, is rooted in contemporary standards of decency. Hudson v. McMillian, 503 U.S. 1 (1992). A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Lanzaro, 834 F.2d at 347 (citing Pace v. Fauver, 479 F. Supp. 456, 458 (D.N.J. 1979), aff'd, 649 F.2d 860 (3d Cir. 1981)). A serious medical need contemplates a condition of urgency, or one that may produce death, degeneration, or extreme pain. See Lanzaro, 834 F.2d at 347; Archer v. Dutcher, 733 F.2d 14, 16-17 (2d Cir. 1984); Todaro v. Ward, 565 F.2d 48, 52 (2d Cir. 1977). The Third Circuit has held that not every injury or illness enjoys constitutional protection, and, therefore, only serious medical problems are actionable. See Keve, 571 F.2d at 161.

Even assuming that a serious medical need exists, there is no indication from the record that Defendants Pigos and Fasciana were deliberately indifferent to Plaintiff's medical needs. The record establishes that Plaintiff did not complain of back pain until May 6, 2015 (Doc. No. 20 ¶ 6), and that he did not request a bottom bunk pass until February 23, 2016, approximately a week after he had fallen from his bunk (id. ¶ 12). Moreover, the record establishes that Defendant Fasciana, on at least three (3) occasions, prescribed Ibuprofen to Plaintiff for his pain. (Id. ¶¶ 7, 11, 15.) Defendant Fasciana also treated Plaintiff's injuries after he fell from his bunk

11

on February 18, 2016. (Id. ¶ 11.) Finally, nothing in the record suggests that Plaintiff ever asked Defendant Pigos for a bottom bunk pass, and the record reflects that Defendant Pigos treated Plaintiff's back pain on June 27, 2016 by increasing his prescription for Amitriptyline. (Id. ¶ 19.)

In his complaint, Plaintiff argues that Defendant Pigos was aware that he had a deteriorated dislocated disc in his back, and that he denied several requests for a bottom bunk pass in 2014. (Doc. No. 1 at 3.) He further maintains that Defendant Fasciana never saw him for his back issues. (Id.) Plaintiff's allegations are clearly refuted by the record. The record clearly establishes that Plaintiff received care for his back pain and did not meet the BOP's criteria for a bottom bunk pass. Plaintiff's disagreement with Defendants Pigos and Fasciana regarding his medical care does not support a claim of cruel and unusual punishment. Farmer, 685 F. Supp. at 1339. Moreover, a complaint that a physician or a medical department "has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment [as] medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106. In this case, the record does not establish that Defendants Pigos and Fasciana knew of Plaintiff's need for medical treatment and intentionally refused to provide it, delayed necessary medical treatment for a non-medical reason, or prevented James from receiving needed or recommended medical treatment. Consequently, because Plaintiff has failed to establish that Defendants Pigos and Fasciana were deliberately indifferent to his medical needs, their motion to dismiss and/or, in the alternative, for summary judgment will be granted.

## V. CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss and/or, in the alternative, for summary judgment (Doc. No. 19), will be granted.  An appropriate Order follows.